UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| STEVEN W. HABERMAN § | |
| § | |
| Plaintiff § | |
| vs. § | Civil Action No. 4:11-CV-00126 MHS-ALM |
| § | |
| PNC MORTGAGE COMPANY FKA § | |
| NATIONAL CITY MORTGAGE CO. § | |
| A DIVISION OF PNC BANK FKA § | |
| NATIONAL CITY BANK § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. State where and when the conference among the parties requirement by FED. R. CIV. P. 26(f) was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email address.

   Plaintiff and Defendant, PNC Mortgage, a division of PNC Bank, National Association ("PNC") by and through the counsel listed below have conferred via electronic and telephonic means on more than one occasion in connection with the requirements of Fed. R. Civ. P. 26(f).

   Counsel for Plaintiff:

   James J. Manchee, Texas Bar # 00796988, Merit Drive, Suite 950, Dallas, Texas 75251, e-mail: jim@mancheelawfirm.com, Telephone (972) 960-2240. Facsimile (972) 233-0713.

   Counsel for Defendant:

   Laatosha Lewis Payne, Vorys Sater Seymour & Pease, 700 Louisiana, Suite 4100, Houston, TX  77002; Texas Bar. No. 24027452; Telephone  (713) 588-7000; Facsimile (713) 588-7050.

2. List the name, bar number, address, email address, and telephone number of counsel and any unrepresented person who will appear at the Scheduling Conference on behalf of the parties.  Appearing counsel must be an attorney of record, have full authority to bind clients and enter into stipulations regarding all matters that may be discussed.

   James J. Manchee, Bar # 00796988, Merit Drive, Suite 950, Dallas, Texas 75251, e-mail: jim@mancheelawfirm.com, Telephone (972) 960-2240.

   Sylvia A. Goldsmith, Esq., LAW OFFICE OF SYLVIA A. GOLDSMITH, Gemini Towers, 1991 Crocker Road, Suite 600, Westlake, Ohio, 44145, Ohio Bar # 0064871 (Admitted

    EDTX March 2008), Telephone (440) 934-3025, Facsimile (440) 934-3026, e-mail: sgoldsmith@sgoldsmithlawoffice.com.

    Laatosha Lewis Payne, Vorys Sater Seymour & Pease, 700 Louisiana, Suite 4100, Houston, TX  77002; Texas Bar No. 24027452; Telephone  (713) 588-7000; Facsimile (713) 588-7050.

3.     List the correct names of the parties to this action.

    Plaintiff is Steven W. Haberman.

    Defendant is PNC Mortgage, a division of PNC Bank, National Association, successor by merger to National City Bank, N.A. and its division National City Mortgage

4.     List any related cases pending in any state or federal court.  Include the case numbers, the courts, and how they are related.

    None.

5.     Briefly describe in 3 pages or less:  (a) What this case is about and (b) Each claim or defense.

    This is a consumer protection case brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, for multiple, illegal accesses of Plaintiff's credit report, and pursuant to the Texas Finance Code § 392 for utilizing false and deceptive means to attempt to collect a discharged debt.

    Plaintiff alleges that, despite the fact Mr. Haberman's only credit relationship with Defendant was terminated via a Chapter 7 bankruptcy discharge in December 2008, prohibiting any further collection activity on the underlying mortgage account, Defendant subsequently requested and received Mr. Haberman's credit report on at least seven (7) occasions, several of which occurred even after Mr. Haberman retained counsel and advised Defendant that such accesses were illegal. Plaintiff alleges that the repeated pulls of his private personal and financial information was done willfully and/or negligently without any legal or proper purpose, and constitutes an invasion of his privacy in violation of 15 U.S.C. § 1681b(f).  Plaintiff alleges that he is entitled to an award of actual damages, statutory damages, punitive damages, and attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

    Plaintiff further alleges that Defendant illegally accessed Mr. Haberman's credit report in order to engage in illegal collection activity with respect to the discharged mortgage account. Plaintiff alleges that such conduct violates Texas Finance Code Ann. §§ 392.301(a)(8), 392.304(a)(8) and 392.304(a)(19), thereby entitling Plaintiff to an award of actual damages, statutory damages, injunctive relief, costs, and reasonable attorney's fees under Texas Finance Code Ann. § 392.403.  After discovery, Plaintiff may elect to amend the pleadings to include causes of action related to bankruptcy discharge injunction violations.

Defendant states that Plaintiff failed to state facts to support a claim for relief against PNC Mortgage.  Defendant further states that the acts alleged do not constitute a violation of the Fair Credit Reporting Act or the Texas Finance Code.

6. Specify the basis for federal jurisdiction.

This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1681*p*.

7. Identify the parties who disagree with plaintiff's jurisdictional allegations and state the reasons for disagreement.

There is no dispute as to the Court's jurisdiction in this matter.

8. List anticipated additional parties that may be included, when they might be added and by whom.

The parties do not anticipate adding more parties.

9. List anticipated intervenors.

The parties do not anticipate any intervenors in this case.

10. Describe any class-action or collective action issues.

The allegations underlying Plaintiff's claims center on PNC's conduct, policies and/or procedures with respect to access consumer credit reports for "account review" purposes even though there is no open or current account to review.  Trans Union's conduct, policies and/or procedures in this regard are the same for Plaintiff as any other individual who has had his/her credit report accessed by PNC through TransUnion for account review purposes when there is no open or current account to review.

Defendant states that there are no class action issues in this matter. No claims have been made nor is there any factual basis for a class action.

11. State whether the parties are exempt from initial disclosures under Rule 26(a)(1)(E).

The parties are not exempt from initial disclosures under Rule 26(a)(1)(E).

12. Describe the proposed discovery/case management plan, including:

    (a) In accordance with Rule 26(f):

(1) Any changes that should be made in the timing, form, or requirement for disclosures under Rule 26(f). including when the initial disclosures were made or will be made;

The parties do not see a need for any changes in the timing, form, or requirement for disclosures under Rule 26(f).

(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on limited issues.

Plaintiff anticipates conducting discovery on the following: (1) Defendant's intentions with regard to Mr. Haberman's discharged account; (2) agreements, whether specific or general, between Defendant and any other entity with regard to Mr. Haberman's discharged account; (3) Defendants' policies, procedural manuals and/or training materials regarding the sale and/or collection of accounts discharged in bankruptcy; (4) Plaintiff's archived Trans Union credit file (showing the precise dates and purposes for which Defendant purported to access Mr. Haberman's credit report); (5) agreements and/or certifications by or between TransUnion and Defendant regarding accessing credit files; and (6) Defendants' policies, procedural manuals and/or training materials ensuring that credit files are requested, obtained and/or furnished only for permissible purposes.

Defendant anticipates conducting discovery on the following: (1) Plaintiff's communication, oral or written, with PNC since the filing of his bankruptcy; (2) Plaintiff's efforts in applying for new credit since the bankruptcy discharge; (3) Plaintiff's harm or damages, if any, that he has incurred as a result of the alleged acts; (4) Plaintiff's efforts to contact PNC directly concerning his credit reports; (5) any and all documents and testimony that might be relevant to the disposition of this matter.

(3) Any issues relating to disclosure and discovery of electronically stored information (ESI), including the form(s) in which it should be produced.

None at this time.

(4) The steps already taken or that will be taken for preserving discoverable information, including ESI.

None at this time.

4

  (5) Any issues relating to claims of privilege or protection, including whether any agreement has been reached as to inadvertent production.

 None at this time.

  (6) Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.

 None at this time.

 (b) Of whom plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking at least one Fed. R. Civ. Pro. Rule 30(b)(6) deposition of Defendant, as well as several individual depositions of persons identified therein as having knowledge specific to this case. Plaintiff also anticipates taking at least one deposition of third party, Trans Union LLC.

 (c) Of whom defendant anticipates taking oral depositions.

Defendant anticipates taking the deposition of Plaintiff as well as any individuals named by Plaintiff as corroborating any claims for damage or that PNC Mortgage made efforts to collect upon the mortgage debt after the bankruptcy.

 (d) When plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff anticipates being able to designate experts and provide the reports required by Rule 26(a)(2)(B) within two weeks of the close of fact discovery.

 (e) When plaintiff (or the party with the burden of proof on an issue) anticipates taking expert depositions and the anticipated completion date.

If Defendants designate an expert(s), Plaintiff anticipates being able to complete an oral deposition of such individual(s) within 30 days of receipt of such expert's report.

 (f) When the opposing party anticipates taking expert depositions and the anticipated completion date.

Defendant anticipates taking the depositions of Plaintiff's experts within 30 days of receipt of the expert report.

    (g)    Whether there should be separate deadlines for the completion of fact discovery and expert discovery.

The parties believe that the nature of the claims at issue require completion of fact discovery before designation and exchange of expert reports. As such, separate deadlines for the completion of fact discovery and expert discovery is necessary.

    (h)    If the parties disagree on any part of the discovery plan, describe the opposing views.

To the extent there has been any disagreement on any part of the discovery plan, the parties have described the opposing views in the Paragraphs above.

13. Specify any discovery beyond the initial disclosures that has taken place to date.

No formal discovery has taken place to date.

14. State the progress made toward settlement, and the present status of settlement negotiations by providing the information set out below.

    a.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.

Plaintiff communicated a settlement demand to Defendant.

Defendant is in the process of analyzing the demand and considering a counter offer in light of the known facts of the case. The parties have had many conversations concerning settlement of this case.

    b.    Describe what each party has done or agreed to do to bring about a prompt resolution of this case.

*See* Paragraph 14a above.

    c.    State whether a demand and an offer have been made.

*See* Paragraph 14a above.

    d.    If the parties have agreed on a specific mediator, state the name, and address of the mediator and at what stages of the litigation mediation is most appropriate.

The parties have not yet picked a mediator.

15. United State Magistrate Judges are vested with full authority to try both jury and nonjury trials. State whether the parties agree to trial before a United States Magistrate Judge.

The parties do not agree to a trial before a Magistrate Judge.

16. State whether a jury demand has been made and if it was made on time.

No jury trial has been requested.

17. Specify the number of hours it will take to present the evidence and cross-examine witnesses in the trial of this case.

Plaintiff anticipates that it would take approximately 2 days present his case in chief. Defendant anticipates no more than 2 days to present its case in chief.

18. List any pending motions that could be ruled on at the Scheduling Conference.

There are currently no pending motions.

19. List all other pending motions.

There are currently no pending motions.

20. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the Scheduling Conference.

21. Certify that all parties have filed Disclosure of Interested Persons as directed in paragraph 3 in the **Order to Meet, Report and Appear at Scheduling Conference**, listing the date of the original and any amendment.

Plaintiff's Disclosure of Interested Persons was filed on March 22, 2011.
Defendant's Corporate Disclosure Statement was filed on March 14, 2011.

22. Proposed Dates for Scheduling. Please review the proposed deadline for many of the pretrial events (listed below) that will be scheduled for this case. Both the events and the proposed dates are intended to give the parties guidance in (1) formulating answers to the other parts of this questionnaire and (2) scheduling the events preceding the trial. The Scheduling Order that will be entered at the Scheduling Conference will necessarily be more specific, more detailed, and contain additional matters and discovery limitations. The court's suggested dates and events may be appropriate for this case. If not, please propose suggested modifications that the parties believe are suited for this lawsuit.
As indicated below by asterisks, some dates and events are "inflexible" because of limited judicial resources and the court's calendar.

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PARTIES' PROPOSED DATES |
|---|---|---|
| **Deadline to file motions to transfer** | **May 25, 2011** | |
| **Rule 26(f) meeting*** | **May 25, 2011** | |
| **File case management plan*** | **June 1, 2011** | |
| **Rule 16(b) scheduling conf.*** | **June 8, 2011** | |
| Deadline to add additional parties | September 1, 2011 | November 1, 2011 |
| Deadline to amend pleadings | September 1, 2011 | November 1, 2011 |
| Deadline to file motions to dismiss | September 16, 2011 | November 16, 2011 |
| Exchange privilege logs | October 17, 2011 | December 1, 2011 |
| Deadline for plaintiff to designate expert witnesses & reports on issues for which the party bears the burden of proof | November 16, 2011 | December 16, 2011 |
| Deadline for defendants to designate expert witnesses & reports for which the party does not bear the burden of proof | December 16, 2011 | January 16, 2012 |
| Discovery deadline | January 17, 2012 | February 17, 2012 |
| **Deadline to complete required mediation** | January 23, 2012 | February 23, 2012 |
| **Deadline to file dispositive motions*** | January 30, 2012 | March 1, 2012 |
| Deadline to file joint pretrial order, motions in limine & proposed jury instructions (or proposed findings of fact & conclusions of law) | April 16, 2012 | April 16, 2012 |
| **Pretrial conference & trial scheduling** | May 14, 2012 9:00 am in Sherman, Texas | May 14, 2012 |

**Signature of Counsel and Date:**

6/30/2011                                          /s/ *Sylvia A. Goldsmith*
Date                                               Sylvia A. Goldsmith, Esq.
                                                   On behalf of Plaintiff, Steven W. Haberman


6/30/2011                                          /s/ James J. Manchee
Date                                               James J. Manchee
                                                   On behalf of Plaintiff, Steven W. Haberman


6/30/2011                                          /s/ Latosha Lewis Payne
Date                                               Latosha Lewis Payne
                                                   On behalf of Defendant,
                                                   PNC Mortgage, a division of PNC Bank, N.A.