UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| STEVEN W. HABERMAN | ' | |
| --- | --- | --- |
| | ' | Civil Action No. 4:11cv126 |
| Plaintiff | ' | |
| v. | ' | |
| | ' | Judge Schneider |
| PNC MORTGAGE COMPANY *fka* | ' | |
| NATIONAL CITY MORTGAGE CO. | ' | Magistrate Judge Mazzant |
| A DIVISION OF PNC BANK *fka* | ' | |
| NATIONAL CITY BANK | ' | |

### PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Fed. R. Civ. P. 37(a), Plaintiff, Steven W. Haberman, respectfully moves the Court for an order compelling Defendant, PNC Mortgage Company *fka* National City Mortgage Co., to produce to Plaintiff, without delay, the documents requested in Plaintiff's First Set of Requests for Production of Documents Directed to PNC, as described more fully below.

As required by the Local Rules, a proposed Order is attached.

### RELEVANT FACTUAL BACKGROUND

Several years ago, Plaintiff obtained a construction loan from National City Mortgage, now known as PNC Mortgage (hereinafter referred to as "PNC"), to build a home. Plaintiff ultimately needed to file bankruptcy in August 2008, and the PNC construction loan (and subsequent mortgage) were discharged therein in December 2010. *See* Exhibit A to Plaintiff's Third Amended Complaint.

Subsequent to Plaintiff's Discharge, and beginning in April 2010, PNC requested and obtained Plaintiff's credit report from one of the big three credit bureaus, Trans Union, LLC

1

("Trans Union"), for "account review" purposes on three (3) separate dates. *See* Exhibit B to Plaintiff's Third Amended Complaint. Plaintiff no longer had an account with PNC and had not requested credit or initiated any sort of business with PNC. Thus, Plaintiff, by and through counsel, contacted PNC, by and through counsel, to advise of the illegal access to Plaintiff's information, and to demand that PNC cease and desist further intrusions into Plaintiff's privacy. *See* Exhibit C to Plaintiff's Third Amended Complaint.

Following that communication and unbeknownst to Plaintiff, PNC requested and obtained Plaintiff's credit report from Trans Union for "account review" purposes on four (4) additional dates. *See* Exhibit D to Plaintiff's Third Amended Complaint. Again, Plaintiff had no account with PNC and had not requested credit or initiated any sort of business with PNC so as to have authorized those pulls.

The instant lawsuit was then commenced.

On June 3, 2011, Plaintiff served a Request for Production of Documents directed to PNC, as well as a corresponding Notice of Rule 30(b)(6) Deposition. *See* Plaintiff's First Set of Requests for Production of Documents (a copy of which is attached hereto as Exhibit 1). These requests seek information pertinent to the numerous pulls of Plaintiff's credit report by PNC. Specifically, in addition to seeking policy and procedure information as to how and why PNC requests and obtains credit report information in general, the crux of Plaintiff's requests seek any and all information about the actual credit report information received by PNC about Plaintiff, and what was done (and/or intended to be done) with that information.

While PNC timely provided a written response to Plaintiff's requests on or around July 6, 2011, not a single document within the timeframe of April 2010 through present, *i.e.*, the

timeframe during which the illegal pulls were done, has been produced.[1] Instead, PNC has produced 520 pages of material, mostly consisting of Plaintiff's original mortgage loan application file, and approximately 40 pages of an electronic log titled "Collections/Customer Service Loan Activity Archive" which purports to provide a record of activity on Plaintiff's mortgage account. *See generally* Defendant's Responses to Plaintiff's Request for Production of Documents (a copy of which is attached hereto as Exhibit 2). However, this "Collections/Customer Service Loan Activity Archive" mysteriously cuts off in 2009, with absolutely nothing being provided for the relevant April 2010-to-present timeframe.[2]

Finally, within the last few months, Plaintiff discovered that in June 2011, he was named by PNC in a forcible detainer action to "evict" Plaintiff from the property which had secured the mortgage, although Plaintiff never occupied the property and formally surrendered it as part of his bankruptcy proceedings in 2008.[3] PNC did not provide notice to Plaintiff or his counsel of this action when it was filed in June 2011, or as part of discovery in this; rather, Plaintiff uncovered this information by chance through a public record search of himself on the internet.

## ARGUMENT

Pursuant to *Fed. R. Civ. P. 37*, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" when a party fails to respond to an interrogatory or produce requested documents. *See Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv)*. For the

---

[1] During the course of discovery in this case, Plaintiff served a subpoena on a non-party, Trans Union, the entity from whom PNC was/is illegally accessing Plaintiff's credit report. Plaintiff discovered through a September 6, 2011 credit report produced by Trans Union in response to that subpoena that PNC requested and obtained Plaintiff's credit report as recently as July 2011. *See* Exhibit F to Plaintiff's Third Amended Complaint.

[2] The record provided by PNC suggests that it maintains a database of all activity for this account and so, PNC should have the documents Plaintiff has requested at its immediate disposal. In fact, as Plaintiff has pointed out to opposing counsel, the sequential numbering located on the various pages of the log suggests that there are additional pages that simply have not been made available to Plaintiff.

[3] PNC knew this and, in fact, officially "foreclosed" on the property in August 2009, approximately one (1) year after the bankruptcy petition was filed.

purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Fed. R. Civ. P. 37(a)(4)*.

PNC's discovery responses are evasive and incomplete. As noted above, while PNC produced hundreds of pages of the underlying mortgage loan application file, not a single document relevant to the applicable timeframe and actual issues in this case has been produced. In fact, in its cover letter to its written responses, PNC volunteers that it is "unable to produce documents responsive to most of Plaintiff's requests at this time," and that PNC would "supplement immediately upon obtaining the relevant information." *See* Cover Letter dated July 6, 2011 (a copy of which is attached hereto as Exhibit 3). Yet that supplementation has never come.

Plaintiff has been remarkably patient with PNC in this process. In a good faith effort to resolve the discovery dispute, Plaintiff has made *numerous* efforts to engage PNC in the discovery process. The trail of gentle email reminders and voicemail about the outstanding discovery is lengthy. Counsel have conferred by telephone on more than one occasion about what documents are due, and what can be done to help expedite the process. In October, a formal meet and confer about the discovery dispute was done.[4] And Plaintiff is always told the same thing: PNC intends to supplement their responses. But nothing more has ever been produced.

Mindful that discovery closes in March 2012, Plaintiff can wait no more for PNC to comply with its discovery obligations voluntarily. Plaintiff's Notice of Rule 30(b)(6) Deposition was served more than five (5) months ago and Plaintiff has been unable to proceed because,

---

[4] Plaintiff made a final effort via letter dated December 1, 2011, inquiring as to the possibility of avoiding the necessity of the instant motion. No supplementation or additional documents have been received.

4

without the necessary documents, pressing forward with a deposition would only require duplication of time and effort.

PNC's improper delay in producing and supplementing its responses has prejudiced Plaintiff,[5] and continues to delay his ability to move forward with depositions and preparation for trial. Therefore, Plaintiff respectfully asks the Court to step in and compel the outstanding discovery.

## CONCLUSION

Plaintiff respectfully requests that the Court enter the proposed Order, attached hereto, compelling PNC to produce to Plaintiff, without undue delay, documents requested in Plaintiff's First Set of Requests for Production of Documents Directed to PNC Mortgage Company as set forth above.

Respectfully submitted,

 /s/ Sylvia A. Goldsmith
Sylvia A. Goldsmith (Ohio # 0064871)
LAW OFFICE OF SYLVIA A. GOLDSMITH
1991 Crocker Road, Suite 600
Westlake, OH  44145
Telephone: (440) 934-3025
Facsimile: (440) 934-3026
Email:  sgoldsmith@sgoldsmithlawoffice.com

James J. Manchee, Esq.
MANCHEE & MANCHEE, L.L.P.
12221 Merit Drive, Suite 950
Dallas, Texas 75251
Telephone: (972) 960-2240
Facsimile: (972) 233-0713
Email:  jim@mancheelawfirm.com

Attorneys for Plaintiff

---

[5] Plaintiff's expert witness disclosure is December 10, 2011.  Despite PNC's refusal to comply with its discovery obligations, and through review of other discovery in the case, Plaintiff's expert has prepared a report to be timely disclosed to PNC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 9th day of December, 2011. Any other counsel of record will be served by facsimile transmission.

    /s/ Sylvia A. Goldsmith
Sylvia A. Goldsmith, Esq.


**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7, counsel for Plaintiff has conferred with counsel for Defendant regarding the substance of this motion in an effort to secure the desired discovery in a good faith attempt to resolve the matter without court intervention. Defendant is OPPOSED to the relief sought herein.

    /s/ Sylvia A. Goldsmith
Sylvia A. Goldsmith, Esq.