| | | |
|---|---|---|
| STEVEN W. HABERMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 4:11CV-00126 MHS-ALM |
| PNC MORTGAGE COMPANY FKA | ) | |
| NATIONAL CITY MORTGAGE CO. | ) | |
| A DIVISION OF PNC BANK FKA | ) | |
| NATIONAL CITY BANK | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S FIRST SET OF REQUESTS**
**FOR PRODUCTION OF DOCUMENTS**
**DIRECTED TO PNC MORTGAGE COMPANY**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, Steven W. Haberman, hereby requests Defendant, PNC Mortgage Company *fka* National City Mortgage Co. ("PNC"), to produce documents as herein described to Plaintiff at the Law Office of Sylvia A. Goldsmith, Gemini Towers, 1991 Crocker Road, Suite 600, Westlake, OH 44145, within twenty-eight days from service of this request.

**DEFINITIONS**

A. "Document" means anything which may be considered to be a document or tangible thing within the contemplation of the Federal Rules of Civil Procedure, and includes, without limitation, any written, printed, typewritten, handwritten, recorded or other graphic matter or computer generated or stored information, whether produced in hard copy or other tangible medium or presently stored within the memory of a computer or other storage device, such as tapes, hard or floppy disks, CDs, or mag cards, now or at any time in your possession, custody, or control; and, includes generally and without limiting the generality of the foregoing definitions, any

correspondence, letters, telegrams, telexes, cables, transcripts, agreements, contracts, notes, memoranda, jottings, projections, reports, opinions, workpapers, diaries, daybooks, notebooks, calendars, address and telephone records, expense records and vouchers, time records, personnel records, minutes, summaries of any communications, reports or summaries or investigations, books of account, journals, ledgers, journal entries, accounting books and records, spread sheets, micro-fiche cards, microfilms, photographs, films, appraisals, surveys, financial statements, financial forecasts, computer programs, computer printouts, manuals, guides, books, magazines, newspapers, publications, and all preliminary versions and drafts, revisions of, or notations on any of the foregoing, including all non-identical copies and drafts of any of the foregoing, and all summaries, analyses, or reports relating or referring in whole or in part to any of the foregoing.

B.      "All documents" means every document and every non-identical copy known to PNC and every such document or writing which PNC can locate or discover by reasonably diligent efforts.

C.      "Account reviews" or "review" purposes means instances in which PNC as requested and obtained information from one or more consumer reporting agency for "review or collection of an account" as described in 15 U.S.C. § 1681b(A)(3)(a).

D.      "FCRA" means the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

E.      "Permissible purpose" means one of the circumstances specifically enumerated in 15 U.S.C. § 1681*b*(a)(1) through (5).

F.      "Person" includes natural persons and all other legal entities.

G.      "Personal identifying information" or "personal identifiers" as used herein shall mean the name, address, date of birth, Social Security number, "aka" or any other information intended to refer to or identify the plaintiff within a consumer report, consumer disclosure or file maintained or issued by Trans Union.

H.     "Plaintiff" as used herein means Steven W. Haberman.

I.     "PNC," "you" or "your" refers to Defendant, PNC Mortgage Company *fka* National City Mortgage Co., a Division of PNC Bank *fka* National City Bank, or any related or affiliated entity or subsidiary whom Trans Union allows to access consumer reports.

J.     "Subscriber" as used herein shall refer to any entity that furnishes consumer credit information, account data and/or personal identifying information to Trans Union and is allowed to access consumer credit information, account data and/or personal identifying information from Trans Union.

K.     "Trans Union" means Trans Union LLC, a national consumer reporting agency as defined by the FCRA, and/or any attorney or agent performing any services referred to herein or acting on his or its behalf.

L.     The terms "identify," identity," or "identification," shall have the following meanings:

(a)     when used in reference to an individual natural person shall mean to state the name, the present or last known business and resident addresses, the current business affiliation and position, and the position during the time specified of said individual;

(b)     when used in reference to any other entity included within the definition of "person," above, shall mean to state the current or last names, if any, the present or last known business address, the nature of the business, and the identity of the chief executive officer(s) and/or general manager(s) throughout the specified time period, of said entity:

(c)     when used in reference to a document shall mean to state the following:

(i)     the date of its preparation;

(ii)     the identity of its author and of any individual involved in its preparation and/or its production;

(iii)     what type of document it is (e.g., letter, chart, memorandum, etc.) or some other designation by which to identify it:

(iv)     its contents;

(v)     its present custodian or its location; and

(vi)     the identification of all persons for whom it was prepared, or who received copies of it, re-surveys, graphs, charts, photographs, phonographs, films, tapes, discs, drums, printouts, and all other data whether recorded by electronic or any other means. If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of any of the pages thereof, then each such non-identical copy is a separate document and must be identified.

## INSTRUCTIONS FOR RESPONDING

A.     All information is to be divulged which is in your possession, custody or control or within the possession, custody or control of your attorneys, investigators, agents, employees or other representatives of you or your attorneys.

B.     Any Request for Production which inquires as to the knowledge, conduct or activities of the defendant shall be taken to include the knowledge, conduct or activities of such defendant's subsidiaries, parents, affiliates and merged or acquired predecessors, as well as the present or former investigators, accountants, attorneys, directors, officers, partners, employees and other agents of such defendant; and references to the "personnel" of any such defendant shall include such individuals.

C.     Where a Request for Production asks that a date, an amount, or any other specific information be provided, your best approximation of the information requested, and the basis upon which this approximation is founded, is to be given if the precise information required is unknown to you.

D.     If you object to any Request for Production or any portion thereof, state the precise legal objection and the factual and legal basis therefore.

E.     Unless otherwise specifically stated in any Request for Production below, the timeframe for each shall be from January 1, 2008, to present.

## DOCUMENT REQUESTS

1.         Please produce any and all credit applications, contracts, mortgage agreements, credit card agreements, sales slips, account statements, notices, checks or other forms of payment, or other documentation specifically relating to the opening, use of and/or payment on any PNC account of any kind bearing Plaintiff's name.  This Request is specifically not limited in time, and is intended to discover current and/or archived information relating to any and all possible accounts Plaintiff currently has or ever had with PNC.

2.         Please produce any and all current and archived files, reports, records, logs or other documentation, electronic or otherwise, in any active system or archive retrieval system regardless of the system name and regardless if identical information is contained in multiple places, showing the current and/or historical account data information maintained by or for PNC relating or referring to any account of any kind bearing Plaintiff's personal identifiers.  This Request is specifically not limited in time, and is intended to discover current and/or archived information relating to all possible accounts Plaintiff currently has or ever had with PNC.

3.         Please produce a clear, plain-English description of any and all codes, keys, or other documentation that would describe how to read, interpret or otherwise explain any of the terms, abbreviations or any other information provided in or on any of the documents produced herein.

4.         Please produce any and all PNC policies, practices, procedures and/or manuals with respect to how PNC handles accounts included in a petition for protection under the United States Bankruptcy Code.  For purposes of this Request, the term "handles" is defined as including, but not being limited to, such possible actions as account closings, removal of accounts from one or more system or database, moving accounts from one system(s) or database(s) to another, sale or transfer of such accounts, and/or

any possible collection effort(s) including written and/or oral communication with the account holder or others.

5.        Please produce any and all PNC policies, practices, procedures and/or manuals with respect to how PNC handles accounts discharged in bankruptcy.   For purposes of this Request, the term "handles" is defined as including, but not being limited to, such possible actions as account closings, removal of accounts from one or more system or database, moving accounts from one system(s) or database(s) to another, sale or transfer of such accounts, and/or any possible collection effort(s) including written and/or oral communication with the account holder or others.

6.        To the extent PNC's policies, practices, procedures and/or manuals responsive to Subjects Nos. 4 and 5 above, differ with respect to accounts included in a bankruptcy petition but not yet discharged, and those that have received a discharge, please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to any and all such differences and/or distinctions, and the reasoning or rationale for such differences and/or distinctions.

7.        Please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to the reasoning and/or rationale for PNC to request and obtain consumer reports for "account review" or "review" purposes as those terms are defined above.   To the extent the reasoning and/or rationale differs depending on whether the account is included in a bankruptcy petition and/or is discharged in bankruptcy, as compared to accounts that are not, please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to any and all such differences and/or distinctions, and the reasoning or rationale for such differences and/or distinctions.

8.	Please produce a generic sample or other documentation showing what information, in form and general substance, is obtained by PNC when it requests a consumer report for "account review" or "review" purposes from Trans Union.  This Request specifically seeks, but is not limited to, information about whether a full report or summarized information is received and, if summarized information is received, what fields of information are included.

9.	To the extent the form and substance of information obtained by PNC as described in Request No. 8 above, differs depending on whether the account is included in a bankruptcy petition or is discharged in bankruptcy, as compared to accounts that are not, please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to such differences and/or distinctions, and the reasoning or rationale for such differences and/or distinctions.

10.	Please produce any and all reports or items of information in any form, electronic or otherwise, PNC has obtained from Trans Union or any other consumer reporting agency bearing some or all of Plaintiff's personal identifiers or otherwise pertaining to Plaintiff.  This Request is specifically not limited in time, and is intended to discover current and/or archived information relating to all possible information PNC has ever requested and obtained on any accounts Plaintiff currently has or ever had with PNC.

11.	Please produce any and all PNC policies, practices, procedures and/or manuals with respect to assuring that consumer credit files are accessed only with a permissible purpose as that term is defined above.

12.	To the extent PNC's policies, practices, procedures and/or manuals regarding permissible purpose differ with respect to accounts included in a bankruptcy petition and/or discharged in bankruptcy, and those that are not, please produce any and all email communications, internal memorandum, letters,

meeting minutes, notes, manuals, or any other documentation describing and/or referring to such differences and/or distinctions, and the reasoning or rationale for such differences and/or distinctions.

13.	To the extent PNC's policies, practices, procedures and/or manuals regarding permissible purpose differ with respect to instances in which a dispute or notification has been made by or on behalf of a consumer who claims no permissible purpose exists to request and obtain his or her consumer credit file, please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to such differences and/or distinctions, and the reasoning or rationale for such differences and/or distinctions.

14.	Please produce any policies, procedures, practices, manuals, teaching materials, outlines, slides or presentations, or other documentation describing, referring to or otherwise explaining the manner or process through which PNC determines it is entitled to request and access a consumer report or any part thereof in any given instance, and verifies said purpose as lawful under the FCRA for that particular request. To the extent PNC's policies, practices and procedures in this regard differ with respect to the type of inquiry being made, *i.e.*, requests initiated by the consumer versus requests not initiated by the consumer, please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to such differences and/or distinctions, and the reasoning or rationale for such differences and/or distinctions.

15.	Please produce any policies, procedures, practices, manuals, teaching materials, outlines, slides or presentations, or other documentation describing, referring to or otherwise explaining the manner or process through which PNC conveys to Trans Union or any other consumer reporting agency the permissible purpose for which it is entitled to request and/or access a consumer report or any part thereof in any given instance. To the extent your policies, practices and/or procedures

in this regard differ with respect to the type of inquiry being made, *i.e.*, requests initiated by the consumer versus requests not initiated by the consumer, please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to such differences and/or distinctions, and the reasoning or rationale for such differences and/or distinctions.

16.     Please produce any policies, procedures, practices, manuals, teaching materials, outlines, slides or presentations, or other documentation describing, referring to or otherwise explaining the manner or process through which PNC gains access to Trans Union's database for purposes of pulling or accessing consumer reports. This Request specifically includes, without limitation, any and all information and/or training materials provided to PNC by Trans Union regarding pulling or accessing consumer reports, as well as a description or explanation as to the actual process through which you input information to gain access to Trans Union's database for purposes of pulling or accessing consumer reports, and the manner and format in which information is returned.

17.     With respect to each and every instance that PNC requested and obtained information pertaining to Plaintiff from Trans Union or any other consumer reporting agency, please produce any and all documentation describing, referring to or otherwise evidencing the specific manner or process through which PNC determined it was entitled to request and/or access a consumer report or any part thereof in each given instance, and verified such purpose as lawful under the FCRA for each such request.

18.     To the extent the manner or process through which PNC determined it was entitled to request and/or access a consumer report or any part thereof pertaining to Plaintiff at any point after August 21, 2008, differs from any instance PNC determined it was entitled to request and/or access a consumer

report or any part thereof pertaining to Plaintiff before that date, please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to such differences and/or distinctions, and the reasoning or rationale for such differences and/or distinctions.

19. To the extent the manner or process through which PNC determined it was entitled to request and/or access a consumer report or any part thereof pertaining to Plaintiff at any point after June 26, 2010, differs from any instance PNC determined it was entitled to request and/or access a consumer report or any part thereof pertaining to Plaintiff before that date, please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to such differences and/or distinctions, and the reasoning or rationale for such differences and/or distinctions.

20. With respect to each and every instance that PNC requested and obtained information pertaining to Plaintiff from Trans Union or any other consumer reporting agency, please produce any and all documentation showing the specific permissible purpose for which PNC claimed or otherwise indicated it had to obtain each such consumer report from Trans Union.

21. Please produce any and all certifications or written verifications of permissible purpose provided by PNC to Trans Union for each and every instance that PNC requested Plaintiff's consumer report from Trans Union.

22. With respect to each and every instance that PNC requested Plaintiff's consumer report from Trans Union, please produce any and all documentation, whether electronic or in hard copy, that was provided by Trans Union to PNC in response to such request.

23. To the extent Trans Union has ever denied, refused, prevented or stopped PNC from accessing or pulling consumer information from Trans Union's database, please produce any and all

correspondence, notifications, logs, records or other documentation discussing, describing, referring or relating to the circumstances and/or reasons for such action.

24. Please produce any and all agreements, contracts, work orders or any other writings or understandings to access or furnish consumer credit information by and between Trans Union and PNC which are relevant for the time period of January 1, 2008 to present. "Relevant" for purposes of this Request means that regardless of the date on which any particular agreement, contract, work order or other writing or understanding was signed, entered, made or created, information as to all such writings or understandings which were in effect at any point from January 1, 2008, to present shall be produced.

25. Please produce any policies, procedures, practices, manuals, teaching materials, outlines, slides or presentations, or other documentation describing, referring to or otherwise explaining the manner or process through which PNC uses information obtained for "account review" or "review" purposes from Trans Union.

26. To the extent the general categories and/or possibilities that exist with respect to PNC's use(s) of information obtained for "account review" or "review" purposes differ depending on whether the account is included in a bankruptcy petition or is discharged in bankruptcy, as compared to accounts that are not, please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to such differences and/or distinctions, and the reasoning or rationale for such differences and/or distinctions.

27. Please produce any and all records, logs or other documentation, electronic or otherwise, describing, referring to or otherwise evidencing precisely how, when and/or why PNC utilized the information it obtained about Plaintiff on each instance after August 21, 2008.

28. Please produce any and all polices, practices, webpages, advertising material, or any other documentation that refer to the definitions of consumer, consumer data, consumer information

and/or consumer report for purposes of describing, discussing, referring or relating to how PNC determines what information it reports to a consumer reporting agency(s) and or how PNC determine what information it is entitled to request and obtain from a consumer reporting agency(s).

29.　　　Please produce any and all polices, practices and/or procedures PNC maintains with regard to consumer privacy. To the extent PNC publishes, advertises or otherwise shares such polices, practices and/or procedures with particular individuals, entities, agencies in any form or manner, please produce any and all documentation relating to the manner in which such polices, practices and/or procedures are disseminated and to whom. Also, to the extent PNC's policies, practices and/or procedures in this regard have changed over time, this Request specifically seeks documentation about all changes, drafts and/or forms of the various policies, practices and/or procedures, and any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to such changes, and the reasoning or rationale for same.

30.　　　Please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation regarding any reading and/or interpretation that PNC has made and relied in determining whether it has a permissible purpose to access consumer reports on individuals whose accounts have been discharged in bankruptcy. This Request does not seek specific communications by and between PNC and its attorneys. However, to the extent PNC has taken or not taken certain action(s) as such action(s) impacts the claims at issue here, please provide any and all documentation providing a full and complete explanation of the reasoning and/or rationale behind such action(s) or inaction(s), and the timeframe of same.

| June 3, 2011 | /s/ *Sylvia A. Goldsmith* |
| --- | --- |
| Dated | Sylvia A. Goldsmith (Ohio # 0064871) |

Sylvia A. Goldsmith (Ohio # 0064871)
LAW OFFICE OF SYLVIA A. GOLDSMITH
P.O. Box 438
Avon, Ohio  44011-0438
Telephone:  (440) 934-3025
Facsimile:  (440) 934-3026
**SGoldsmithLaw@aol.com**

James J. Manchee
MANCHEE & MANCHEE, L.L.P.
12221 Merit Drive, Suite 950
Dallas, Texas 75251
Telephone:  (972) 960-2240
Facsimile:     (972) 233-0713
**jim@mancheelawfirm.com**

Attorneys for Plaintiff