IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STEVEN W. HABERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 4:11-CV-00126 |
| | ) | |
| PNC MORTGAGE COMPANY f/k/a | ) | |
| NATIONAL CITY MORTGAGE CO. A | ) | |
| DIVISION OF PNC BANK f/k/a NATIONAL | ) | |
| CITY BANK | ) | |
| | ) | |
| Defendants. | | |

## PNC MORTGAGE, A DIVISION OF PNC BANK, NA'S
## OBJECTIONS AND RESPONSES TO PLAINTIFF'S
## REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant PNC MORTGAGE, a division of PNC Bank, N.A. ("PNC") submits its Objections and Responses to Plaintiff's Requests for Production of Documents as follows:

## GENERAL OBJECTIONS

1. PNC objects to each and every request to the extent it seeks information which is protected by the attorney-client and work product doctrines.

2. PNC objects to each and every request to the extent it seeks to impose obligations or duties on it which are inconsistent with the Texas Rules of Civil Procedure.

3. PNC reserves the right to supplement its objections and responses to these requests.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

1. Please produce any and all credit applications, contracts, mortgage agreements, credit card agreements, sales slips, account statements, notices, checks or other forms of payment, or other documentation specifically relating to the opening, use of and/or payment on any PNC account of any kind

Hou#11580368v1

bearing Plaintiff's name. This Request is specifically not limited in time, and is intended to discover current and/or archived information relating to any and all possible accounts Plaintiff currently has or ever had with PNC.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time. Subject to and without waiver of the foregoing objections, see responsive documents attached hereto.

2. Please produce any and all current and archived files, reports, records, logs or other documentation, electronic or otherwise, in any active system or archive retrieval system regardless of the system name and regardless if identical information is contained in multiple places, showing the current and/or historical account data information maintained by or for PNC relating or referring to any account of any kind bearing Plaintiff's personal identifiers. This Request is specifically not limited in time, and is intended to discover current and/or archived information relating to all possible accounts Plaintiff currently has or ever had with PNC.

**Response:** PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time. Subject to and without waiver of the foregoing objections, please see responsive documents attached hereto.

3. Please produce a clear, plain-English description of any and all codes, keys, or other documentation that would describe how to read, interpret or otherwise explain any of the terms, abbreviations or any other information provided in or on any of the documents produced herein.

**Response:** PNC objects to this request as vague, overly broad, and unduly burdensome. PNC also objects to this request because it requires the creation of a document. Subject to and without waiver of the foregoing objections, please see responsive documents attached hereto.

4. Please produce any and all PNC policies, practices, procedures and/or manuals with respect to how

PNC handles accounts included in a petition for protection under the United States Bankruptcy Code. For purposes of this Request, the term "handles" is defined as including, but not being limited to, such possible actions as account closings, removal of accounts from one or more system or database, moving accounts from one system(s) or database(s) to another, sale or transfer of such accounts, and/or any possible collection effort(s) including written and/or oral communication with the account holder or others.

**Response:** PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time.

5. Please produce any and all PNC policies, practices, procedures and/or manuals with respect to how PNC handles accounts discharged in bankruptcy. For purposes of this Request, the term "handles" is defined as including, but not being limited to, such possible actions as account closings, removal of accounts from one or more system or database, moving accounts from one system(s) or database(s) to another, sale or transfer of such accounts, and/or any possible collection effort(s) including written and/or oral communication with the account holder or others.

**Response:** PNC objects to this request because it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad and not reasonably limited to the specific accounts or type of account at issue in this case. PNC objects to this request as vague to the extent it seeks information about any and all types of accounts that may be discharged in bankruptcy. Subject to and without waiver of the foregoing objections, please see responsive documents attached hereto.

6. To the extent PNC's policies, practices, procedures and/or manuals responsive to Subjects Nos. 4 and 5 above, differ with respect to accounts included in a bankruptcy petition but not yet discharged, and those that have received a discharge, please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing

3

and/or referring to any and all such differences and/or distinctions, and the reasoning or rationale for such differences and/or distinctions.

**Response:** PNC objects to this request as unreasonably duplicative and cumulative of requests nos. 4 and 5. PNC also objects to this request because it seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time. PNC further objects to this request to the extent it seeks documents protected by attorney-client or work product privilege.

7. Please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to the reasoning and/or rationale for PNC to request and obtain consumer reports for "account review" or "review" purposes as those terms are defined above. To the extent the reasoning and/or rationale differs depending on whether the account is included in a bankruptcy petition and/or is discharged in bankruptcy, as compared to accounts that are not, please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to any and all such differences and/or distinctions, and the reasoning or rationale for such differences and/or distinctions.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time. PNC further objects to this request to the extent it seeks documents protected by attorney-client or work product privilege.

8. Please produce a generic sample or other documentation showing what information, in form and general substance, is obtained by PNC when it requests a consumer report for "account review" or "review" purposes from Trans Union. This Request specifically seeks, but is not limited to, information about whether a full report or summarized information is received and, if summarized information is received, what fields of information are included.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time. PNC further objects to this request to the extent it seeks documents protected by attorney-client or work product privilege. Subject to and without waiving the same, please see responsive documents attached hereto.

9. To the extent the form and substance of information obtained by PNC as described in Request No. 8 above, differs depending on whether the account is included in a bankruptcy petition or is discharged in bankruptcy, as compared to accounts that are not, please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to such differences and/or distinctions, and the reasoning or rationale for such differences and/or distinctions.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time. PNC further objects to this request to the extent it seeks documents protected by attorney-client or work product privilege.

10. Please produce any and all reports or items of information in any form, electronic or otherwise, PNC has obtained from Trans Union or any other consumer reporting agency bearing some or all of Plaintiff's personal identifiers or otherwise pertaining to Plaintiff. This Request is specifically not limited in time, and is intended to discover current and/or archived information relating to all possible information PNC has ever requested and obtained on any accounts Plaintiff currently has or ever had with PNC.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time. Subject to and without waiving the foregoing objections, please see responsive documents attached hereto.

11. Please produce any and all PNC policies, practices, procedures and/or manuals with respect to assuring that consumer credit files are accessed only with a permissible purpose as that term is defined above.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time.

12. To the extent PNC's policies, practices, procedures and/or manuals regarding permissible purpose differ with respect to accounts included in a bankruptcy petition and/or discharged in bankruptcy, and those that are not, please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to such differences and/or distinctions, and the reasoning or rationale for such differences and/or distinctions.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time. PNC further objects to this request to the extent it seeks documents protected by attorney-client or work product privilege.

13. To the extent PNC's policies, practices, procedures and/or manuals regarding permissible purpose differ with respect to instances in which a dispute or notification has been made by or on behalf of a consumer who claims no permissible purpose exists to request and obtain his or her consumer credit file, please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to such differences and/or distinctions, and the reasoning or rationale for such differences and/or distinctions.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time. PNC further objects to this request to the extent it seeks documents protected by attorney-client or work product privilege.

14. Please produce any policies, procedures, practices, manuals, teaching materials, outlines, slides or presentations, or other documentation describing, referring to or otherwise explaining the manner or process through which PNC determines it is entitled to request and access a consumer report or any part thereof in any given instance, and verifies said purpose as lawful under the FCRA for that particular request. To the extent PNC's policies, practices and procedures in this regard differ with respect to the type of inquiry being made, *i.e.*, requests initiated by the consumer versus requests not initiated by the consumer, please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to such differences and/or distinctions, and the reasoning or rationale for such differences and/or distinctions.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad, unduly burdensome and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time. PNC further objects to this request to the extent it seeks documents protected by attorney-client or work product privilege.

15. Please produce any policies, procedures, practices, manuals, teaching materials, outlines, slides or presentations, or other documentation describing, referring to or otherwise explaining the manner or process through which PNC conveys to Trans Union or any other consumer reporting agency the permissible purpose for which it is entitled to request and/or access a consumer report or any part thereof in any given instance. To the extent your policies, practices and/or procedures in this regard differ with respect to the type of inquiry being made, *i.e.*, requests initiated by the consumer versus requests not initiated by the consumer, please produce any and all email communications, internal

7

memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to such differences and/or distinctions, and the reasoning or rationale for such differences and/or distinctions.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time. PNC further objects to this request to the extent it seeks documents protected by attorney-client or work product privilege.

16. Please produce any policies, procedures, practices, manuals, teaching materials, outlines, slides or presentations, or other documentation describing, referring to or otherwise explaining the manner or process through which PNC gains access to Trans Union's database for purposes of pulling or accessing consumer reports. This Request specifically includes, without limitation, any and all information and/or training materials provided to PNC by Trans Union regarding pulling or accessing consumer reports, as well as a description or explanation as to the actual process through which you input information to gain access to Trans Union's database for purposes of pulling or accessing consumer reports, and the manner and format in which information is returned.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time.

17. With respect to each and every instance that PNC requested and obtained information pertaining to Plaintiff from Trans Union or any other consumer reporting agency, please produce any and all documentation describing, referring to or otherwise evidencing the specific manner or process through which PNC determined it was entitled to request and/or access a consumer report or any part thereof in each given instance, and verified such purpose as lawful under the FCRA for each such request.

**Response**: PNC objects to this request because it seeks documents that are neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time.

18. To the extent the manner or process through which PNC determined it was entitled to request and/or access a consumer report or any part thereof pertaining to Plaintiff at any point after August 21, 2008, differs from any instance PNC determined it was entitled to request and/or access a consumer report or any part thereof pertaining to Plaintiff before that date, please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to such differences and/or distinctions, and the reasoning or rationale for such differences and/or distinctions.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time. PNC further objects to this request to the extent it seeks documents protected by attorney-client or work product privilege. PNC also objects to this request as vague and confusing in its reference to August 21, 2008 with respect to broad account information Plaintiff seeks in his request.

19. To the extent the manner or process through which PNC determined it was entitled to request and/or access a consumer report or any part thereof pertaining to Plaintiff at any point after June 26, 2010, differs from any instance PNC determined it was entitled to request and/or access a consumer report or any part thereof pertaining to Plaintiff before that date, please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to such differences and/or distinctions, and the reasoning or rationale for such differences and/or distinctions.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the

scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time. PNC further objects to this request to the extent it seeks documents protected by attorney-client or work product privilege. PNC also objects to this request as vague and confusing in its reference to before June 26, 2008 with respect to broad account information Plaintiff seeks in his request.

20. With respect to each and every instance that PNC requested and obtained information pertaining to Plaintiff from Trans Union or any other consumer reporting agency, please produce any and all documentation showing the specific permissible purpose for which PNC claimed or otherwise indicated it had to obtain each such consumer report from Trans Union.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time. Subject to and without waiving the foregoing objection, please see responsive documents attached hereto.

21. Please produce any and all certifications or written verifications of permissible purpose provided by PNC to Trans Union for each and every instance that PNC requested Plaintiff's consumer report from Trans Union.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Nor is the request reasonably limited in time. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case.

22. With respect to each and every instance that PNC requested Plaintiff's consumer report from Trans Union, please produce any and all documentation, whether electronic or in hard copy, that was provided by Trans Union to PNC in response to such request.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time. Subject to and without waiving the foregoing objection, please see responsive documents attached hereto.

23. To the extent Trans Union has ever denied, refused, prevented or stopped PNC from accessing or pulling consumer information from Trans Union's database, please produce any and all correspondence, notifications, logs, records or other documentation discussing, describing, referring or relating to the circumstances and/or reasons for such action.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time. PNC further objects to this request to the extent it seeks documents protected by attorney-client or work product privilege.

24. Please produce any and all agreements, contracts, work orders or any other writings or understandings to access or furnish consumer credit information by and between Trans Union and PNC which are relevant for the time period of January 1, 2008 to present. "Relevant" for purposes of this Request means that regardless of the date on which any particular agreement, contract, work order or other writing or understanding was signed, entered, made or created, information as to all such writings or understandings which were in effect at any point from January 1, 2008, to present shall be produced.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case.

25. Please produce any policies, procedures, practices, manuals, teaching materials, outlines, slides or presentations, or other documentation describing, referring to or otherwise explaining the manner or process through which PNC uses information obtained for "account review" or "review" purposes from Trans Union.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time. PNC objects to this request to the extent it seeks documents protected by the attorney-client or work product privilege.

26. To the extent the general categories and/or possibilities that exist with respect to PNC's use(s) of information obtained for "account review" or "review" purposes differ depending on whether the account is included in a bankruptcy petition or is discharged in bankruptcy, as compared to accounts that are not, please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to such differences and/or distinctions, and the reasoning or rationale for such differences and/or distinctions.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time. PNC objects to this request to the extent it seeks documents protected by the attorney-client or work product privilege.

27. Please produce any and all records, logs or other documentation, electronic or otherwise, describing, referring to or otherwise evidencing precisely how, when and/or why PNC utilized the information it obtained about Plaintiff on each instance after August 21, 2008.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time. PNC objects to this request to the extent it seeks documents protected by the attorney-client or work product privilege. Subject to and without waiving the foregoing objections, please see responsive documents attached hereto.

28. Please produce any and all polices, practices, webpages, advertising material, or any other documentation that refer to the definitions of consumer, consumer data, consumer information and/or consumer report for purposes of describing, discussing, referring or relating to how PNC determines what information it reports to a consumer reporting agency(s) and or how PNC determine what information it is entitled to request and obtain from a consumer reporting agency(s).

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time. PNC also objects because some of the documents requested are easily accessible by Plaintiff.

29. Please produce any and all polices, practices and/or procedures PNC maintains with regard to consumer privacy. To the extent PNC publishes, advertises or otherwise shares such polices, practices and/or procedures with particular individuals, entities, agencies in any form or manner, please produce any and all documentation relating to the manner in which such polices, practices and/or procedures are disseminated and to whom. Also, to the extent PNC's policies, practices and/or procedures in this regard have changed over time, this Request specifically seeks documentation about all changes, drafts and/or forms of the various policies, practices and/or procedures, and any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation describing and/or referring to such changes, and the reasoning or rationale for same.

**Response**: PNC objects to this request because it unreasonably cumulative and seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time. PNC objects to this request to the extent it seeks documents protected by the attorney-client or work product privilege. Subject to and without waiving the foregoing objections, please see responsive documents attached hereto.

30. Please produce any and all email communications, internal memorandum, letters, meeting minutes, notes, manuals, or any other documentation regarding any reading and/or interpretation that PNC has made and relied in determining whether it has a permissible purpose to access consumer reports on individuals whose accounts have been discharged in bankruptcy. This Request does not seek specific communications by and between PNC and its attorneys. However, to the extent PNC has taken or not

taken certain action(s) as such action(s) impacts the claims at issue here, please provide any and all documentation providing a full and complete explanation of the reasoning and/or rationale behind such action(s) or inaction(s), and the timeframe of same.

**Response**: PNC objects to this request because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also overly broad and seeks documents beyond the scope of Plaintiff's claims in this case. Nor is the request reasonably limited in time.

Respectfully Submitted

**VORYS SATER SEYMOUR & PEASE**

Latosha Lewis Payne
State Bar No.: 24027452
700 Louisiana, Suite 4100
Houston, Texas 77002
Telephone: (713) 588-7000
Facsimile: (713) 588-7050
llpayne@vorys.com

ATTORNEYS FOR DEFENDANT
PNC MORTGAGE, A DIVISION OF PNC BANK, N.A.

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the following document has been forwarded to counsel for Plaintiff *via electronic mail* on this the 6th day of July, 2011.

**Via Electronic Mail**
James Manchee
William L. Manchee
Manchee & Manchee, LLP
12221 Merit Drive, Suite 950
Dallas, Texas 75251

**Via Electronic Mail**
Sylvia A. Goldsmith
The Law Offices of Sylvia A. Goldsmith
Gemini Towers
1991 Crocker Road, Suite 600
Westlake, Ohio 44145

                                    Latosha Lewis Payne