UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STEVEN W. HABERMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 4:11CV-00126 MHS-ALM |
| PNC MORTGAGE COMPANY FKA | ) | |
| NATIONAL CITY MORTGAGE CO. | ) | |
| A DIVISION OF PNC BANK FKA | ) | |
| NATIONAL CITY BANK | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF ANY EXPERT WITNESS NOT PROPERLY IDENTIFIED

Now comes Plaintiff, by and through his undersigned counsel, and objects to Defendants' Designation of Expert Witnesses as not a single person was actually identified in such designation. For the reasons more fully stated below, Plaintiff respectfully moves the Court for an Order excluding opinion testimony of any purported "expert" witness of Defendants that was not properly identified pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, and this Court's Scheduling/Docket Control Order entered July 7, 2011. As required by the Local Rules, a proposed order is attached.

## RELEVANT FACTUAL BACKGROUND

On December 9, 2011, Plaintiff timely made his expert disclosures by serving a detailed, 30-page report of Evan D. Hendricks, nationally renowned privacy and Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, expert. This report detailed Mr. Hendricks'

1

specific opinions in this case, as well as all other information required by Rule 26(a)(2). Defendants never requested any additional information from Mr. Hendricks, and have not sought to depose him.

On February 10, 2012, Defendants filed a "Designation of Expert Witnesses" with the Court. However, this "designation" failed to identify the name or address of a single person. Instead, Defendants provided what appears to be little more than a generic rebuttal witness list (albeit untimely filed), stating in broad terms who they "may call at trial" depending on the testimony elicited in Plaintiff's case in chief. *See generally* Defendants' Designation of Expert Witnesses (a copy of which is attached hereto as Exhibit 1).

Based on the insufficiency of Defendants' designation, Plaintiff, by and through counsel, contacted Defendants, by and through counsel, asking for the designation to be supplemented immediately. *See* Email dated February 14, 2012 (a copy of which is attached hereto as Exhibit 2). No supplementation has ever been made.

## LAW AND ARGUMENT

### I. DEFENDANTS' DESIGNATION OF EXPERT WITNESSES IS FATALLY INSUFFICIENT

Expert disclosures are not a perfunctory discovery obligation. Comprehensive expert reports are necessary to ensure "that opposing parties have a reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses." *See* Fed. R. Civ. P. 26(a)(2) Advisory Committee's Note (1993).

To meet these objectives, Rule 26(a) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." *See* Fed.R.Civ.P. 26(a). Per this Court's Scheduling/Docket Control Order, each party must "file a *written designation* of the *name and address* of each

2

expert witness who will testify at trial, including disclosure of *an expert report* (emphasis added)." *See* Scheduling/Docket Control Order at p. 3, ¶ 5. Here, Defendants have provided none of the required information.

### A. Defendants Have Not Provided The Name and Address of *Any* Witness.

Defendants' Designation of Expert Witnesses "identifies" potential witnesses as follows:

(1) Current and former employees of PNC Mortgage and National City Mortgage;

(2) Plaintiff's Medical and Mental Health Doctors;

(3) Custodian of Records for Medical and Mental Health Facilities;

(4) Custodian of Records for Personnel Departments of Employers of Steven Haberman.

*See* Defendants' Designation of Expert Witnesses.[1] No specific names or addresses of any particular witness(es) has been provided.[2] The deficiencies of Defendants' designation in this regard are self-evident.

### B. No Expert Reports Have Been Produced.

In addition to failing to identify any specific witness(es) by name and address, Defendants have not produced a single expert report with their designation. For instance, Defendants intend to rely on opinion testimony of "Current and former employees of PNC Mortgage and National City Mortgage" but absolutely no information has been disclosed to Plaintiff as to who these individuals are or what opinions they may have. Even though not all of these possible yet-undisclosed witnesses have been retained or specially employed to provide

---

[1] In addition to these categories, Defendants list two (2) additional paragraphs reserving the right to call any individual called by Plaintiff as an expert witness, and to supplement the list as necessary. *Id.*

[2] Two of the categories "identified" by Defendants are stated as "Custodian of Records." It is unclear to Plaintiff what Defendants' intentions are with respect to listing these categories as potential expert witnesses since a custodian of records, by its very nature, could not provide relevant opinion testimony on anything more than authentication of records.

3

expert testimony in this case, courts still require the production of expert reports from such witnesses. *See Lee v. Valdez*, 2008 U.S. Dist. LEXIS 70979, at *6 (N.D. Tex., Sept. 18, 2008) (citing to *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004).[3]

In essence, by failing to produce any written reports containing the specific opinion(s) of any purported expert(s), Defendants are attempting to leverage the ability to call whomever they want, on any subject they want, to offer any number of opinions on which Plaintiff has been given no information. This is exactly what Rule 26(a)(2)(B) is intended to avoid.

C.  **Defendants Have Not Disclosed The Necessary Information Under Rule 26(a)(2)(C).**

Even assuming, *arguendo*, that Defendants are not required to provide an expert report with respect to any witness they may intend to call in this case, they have still failed to provide the basic information required by Rule 26(a)(2)(C). The rule clearly states:

> (C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> (i) the subject matter on which the witness is expected to present testimony under Federal Rule of Evidence 702, 703, and 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

---

[3] Arguments that an employee's job does not regularly involve giving testimony, made as a basis to avoid the need to produce an expert report, have been rejected because excluding unretained employees from the requirements of Rule 26(a)(2) could create "a distinction seemingly at odds with the evident purpose of promoting full pre-trial disclosure of expert information." *Day v. Consol. Rail Corp.*, 1996 U.S. Dist. LEXIS 6596, at *4 (S.D.N.Y. May 14, 1996); *Innogenetics v. Abbott Labs.*, 2007 U.S. Dist. LEXIS 193, at *26–27 (W.D. Wis. Jan. 3, 2007) (noting that the purpose of Rule 26 is to make "discovery easier, faster and more efficient, as well as to avoid surprises at trial," and thus "it would thwart the Rule's purposes to allow exemptions from the report requirement"). Therefore, even an employee who does not regularly give expert testimony may still be "viewed as having been 'retained' or 'specially employed' for that purpose" and must produce a written report meeting the standards set forth in Rule 26(a)(2)(B). *See Day*, 1996 U.S. Dist. LEXIS 6596, at *7; *Funai Elec. Co. v. Daewoo Elecs. Corp.*, 2007 U.S. Dist. LEXIS 29782, at *9 (N.D. Cal. Apr. 11, 2007) (employees providing "technical evaluations of evidence reviewed solely in preparation for trial, who provide opinion testimony on the merits of the case, or who have no direct and personal knowledge of the facts to which they are testifying" required to submit Rule 26(a) expert reports).

*See* Fed.R.Civ.Pro. 26(a)(2(C).

Defendants have disclosed *neither* of these things. Even after Plaintiff pressed for more information, *nothing* has been disclosed. Plaintiff is left to guess who may be called as an expert witness by Defendants, and what opinions Defendants intend to rely upon. This is patently unfair and highly prejudicial to Plaintiff.

## II.    DEFENDANTS ARE ATTEMPTING TO CIRCUMVENT THEIR FAILURE TO MEET THE REBUTTAL WITNESS DEADLINE

Defendants' designation of expert witnesses appears to be little more than a rebuttal witness list. In fact, Defendants say as much by hedging as to what current and former employees it may call: "Depending upon the testimony elicited in Plaintiff's case in chief .." *See* Defendant's Designation of Expert Witnesses at 1, ¶ 1. But a rebuttal designation – a designation "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)" – was required to be made by January 9, 2012. *See* Scheduling/Docket Control Order at p. 3-4, ¶ 5(c). That date came and went without Defendants making any disclosure whatsoever.

Even if this Court is inclined to overlook Defendants' disregard of the expert designation dates outlined in the Scheduling/Docket Control Order, Defendants' disclosure is still fatally insufficient for the reasons already enumerated above. Whether done negligently or deliberately, Defendants have tied Plaintiff's hands with respect to adequately preparing for trial. Defendants should not be allowed to benefit from this foul play.

## CONCLUSION

Defendants' failure to provide a meaningful expert designation is unfair and prejudicial to Plaintiff. Therefore, Plaintiff respectfully requests that the Court prohibit Defendants from bringing forth testimony of any expert witness at trial.

Respectfully submitted,


 /s/ Sylvia A. Goldsmith
Sylvia A. Goldsmith (Ohio # 0064871)
LAW OFFICE OF SYLVIA A. GOLDSMITH
Milano Law Building
2639 Wooster Road
Rocky River, Ohio  44116
Telephone:  (440) 934-3025
Facsimile:  (440) 934-3026
Email: **sgoldsmith@sgoldsmithlawoffice.com**

James J. Manchee, Esq.
MANCHEE & MANCHEE, L.L.P.
12221 Merit Drive, Suite 950
Dallas, Texas 75251
Telephone: (972) 960-2240
Facsimile: (972) 233-0713
Email: **jim@mancheelawfirm.com**

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing *Plaintiff's Motion In Limine To Exclude Testimony Of Any Expert Witness Not Properly Identified* was served on the 26th day of March, 2012, by the means indicated below, on the following counsel of record:

*By electronic delivery as agreed to by the parties.*

Paul B. Kerlin
VORYS SATER SEYMOUR & PEASE
700 Louisiana, Suite 4100
Houston, TX 77002
pbkerlin@vorys.com

   /s/ Sylvia A. Goldsmith
Sylvia A. Goldsmith (Ohio # 0064871)
LAW OFFICE OF SYLVIA A. GOLDSMITH
Attorney for Plaintiff