# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| STEVEN W. HABERMAN | § | |
| | § | |
| v. | § | Case No. 4:11cv126 |
| | § | (Judge Mazzant) |
| PNC MORTGAGE COMPANY fka | § | |
| NATIONAL CITY MORTGAGE CO. | § | |
| A DIVISION OF PNC BANK fka | § | |
| NATIONAL CITY BANK | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (Dkt. #40). Having considered the relevant pleadings, the Court finds that the motion should be granted in part and denied in part.

Defendant moves for summary judgment on the following grounds: (1) Plaintiff has no evidence to support his claims under the Texas Debt Collection Practices Act ("TDCPA") because there is no evidence that Defendant engaged in any debt collection activities, much less debt collection activities prohibited by the TDCPA; (2) there is no evidence that Defendant willfully or negligently requested or received reviews regarding Plaintiff from TransUnion in violation of the Fair Credit Reporting Act ("FCRA"); and (3) Plaintiff has no evidence that he has experienced any actual damages as a result of the conduct he has alleged against Defendant. This case is set for a bench trial on August 13, 2012.

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257.

Defendant asserts that Plaintiff can produce no evidence of any wrongful debt collection activities by Defendant or evidence to establish that Defendant engaged in any debt collection activities.

To maintain an action under the TDCPA, a plaintiff must establish that the defendant

engaged in wrongful debt collection activity. *See Cushman v. GC Servs., LP*, 657 F. Supp. 2d 834, 840 (S.D. Tex. 2009). "'Debt collection' means an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." Tex. Fin. Code § 392.001(5). Plaintiff's Complaint specifically alleges that Defendant is liable under Tex. Fin. Code §§ 392.301(a)(8), 392.304(a)(8), or 392.304(a)(19). These provisions prohibit specific debt collection activities, namely: "threatening to take an action prohibited by law;" misrepresenting the character, extent or amount of a consumer debt in a judicial or governmental proceeding; and making a false representation concerning the collection of a debt.

Defendant asserts that the facts of the case are not sufficient to support a claim under the TDCPA. The Court agrees that Plaintiff has produced no evidence of any efforts on the part of Defendant to collect from him any amount of money that was prohibited by law. There is no evidence that Defendant attempted to collect on any note after his bankruptcy was concluded. Receiving a few telephone messages, without setting forth more detail as to the content of the messages is insufficient to establish any debt collection efforts on the part of Defendant. Likewise, there is no evidence that Defendant made any threats or false representations, because Plaintiff has no evidence of the contents of any communications from Defendant.

Plaintiff asserts that Defendant's violations of the FCRA constitute a violation of the Texas Finance Code as well. *See* Plaintiff's Third[1] Amended Complaint at ¶ 69(a) ("Since the Fair Credit Reporting Act prohibits the pulling of a credit report without a valid purpose, Defendant's action was also a violation of the Texas Finance Code"). The Court agrees that to the extent Plaintiff has a

---

[1] Plaintiff filed his amended complaint on the date set forth in the scheduling order. There was no limiting language, at that time, that would require Plaintiff to ask for leave to file the new complaint.

claim under FCRA, he can also maintain a claim under the TDCPA.

Plaintiff also asserts that the evidence in the record confirms that Defendant named Plaintiff not once, but twice in forcible detainer actions with respect to a piece of property that Plaintiff never actually occupied and formally surrendered as part of his bankruptcy. The Court agrees with Defendant that Defendant did not seek to collect from Plaintiff on a debt discharged in bankruptcy when Defendant filed a forcible detainer action. The Court does not consider that a collection effort that would violate the TDCPA.[2] Other than the parallel claim, the Court finds that Plaintiff has no other evidence to support the existence of any debt collection efforts on the part of Defendant.

Defendant next asserts that Plaintiff can produce no evidence to support any claim that Defendant willfully or negligently violated the FCRA. Defendant argues that its only program associated with the address listed on Plaintiff's credit report does not request a consumer report as that term is defined under the FCRA.

The plain language of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, prohibits anyone from obtaining a consumer report without a permissible purpose. 15 U.S.C. § 1681b(f). Section 1681b(a)(3) lists the all-inclusive purposes for which a consumer report can be obtained, and states in pertinent part:

> (a) In General. – [A] consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> (3) To a person which it has reason to believe –
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit

---

[2] At the bench trial, the Court will allow Plaintiff to pursue this claim if Plaintiff can provide legal support that the action of Defendant would violate the TDCPA. Otherwise, this claim has no merit based upon the facts of this case and should be dismissed. Defendant had the right to obtain possession of the property in question.

>to, or review or collection of an account of, the consumer;
>* * *
>(F) otherwise has a legitimate business need for the information * * *
>(ii) to review an account to determine whether the consumer continues to meet the terms of the account.

15 U.S.C. § 1681b(a)(3).

Plaintiff asserts that he has only had a single credit obligation to Defendant, and this obligation was discharged in bankruptcy in December 2008. Plaintiff also argues that it is irrefutable that he no longer owes any money to Defendant because his debt was discharged in bankruptcy.

Defendant asserts that there is no evidence that Defendant impermissibly requested a "consumer report" regarding Plaintiff. Defendant argues that the only activity involving TransUnion that had been conducted by Defendant at the address identified on Plaintiff's credit report was the Trigger program.

The question is whether there was a permissible purpose to "review" Plaintiff's credit report information. The record includes three (3) credit reports showing the eight (8) specific dates on which Plaintiff's consumer report was obtained from TransUnion for account review purposes by Defendant. The Court finds that there are material fact issues that will need to be resolved by the Court at the bench trial. At this time, the summary judgment on dismissal of the FCRA claim should be denied.

Defendant next asserts that Plaintiff has no evidence that he has experienced any actual damages as a result of the conduct alleged in his complaint. The Court disagrees and finds that there are material fact issues that should be resolved at trial.

It is therefore ORDERED that Defendant's Motion for Summary Judgment (Dkt. #40) is hereby GRANTED in part, and Plaintiff's claims under the Texas Debt Collection Practices Act are hereby DISMISSED. The claim that Defendant violated the Texas statute by virtue of the alleged violation of the Federal Credit Reporting Act shall remain. All other relief requested is hereby DENIED.

**SIGNED this 17th day of July, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE