# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| STEVEN W. HABERMAN § | |
| § | |
| v. § | Case No. 4:11cv126 |
| § | (Judge Mazzant) |
| PNC MORTGAGE COMPANY fka § | |
| NATIONAL CITY MORTGAGE CO. § | |
| A DIVISION OF PNC BANK fka § | |
| NATIONAL CITY BANK § | |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

Pending before the Court is Plaintiff's Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (Dkt. #79, #80). After considering the relevant pleadings, the Court finds that the motion should be granted in part.

The Court may award reasonable attorneys' fees for any "successful action" to enforce liability under the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. §§ 1681n, 1681o. The computation of a reasonable attorneys' fee award is a two-step process. *Rutherford v. Harris County, Texas*, 197 F.3d 173, 192 (5th Cir. 1999) (citation omitted). First, the court must utilize the "lodestar" analysis to calculate a "reasonable" amount of attorneys' fees. *Id*. The "lodestar" is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id*. Second, in assessing the "lodestar" amount, the court must consider the twelve *Johnson* factors before final fees can be calculated. *Id*.

The *Johnson* factors are:

(1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and

      ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Id*. at 192 n.23 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

      After considering the twelve *Johnson* factors, the court may adjust the "lodestar" upward or downward. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). "If the plaintiff obtained limited success, the hours reasonably spent on the case times the reasonable hourly rate may be excessive." *Virginia McC v. Corrigan-Camden Indep. Sch. Dist.*, 909 F. Supp. 1023, 1032 (E.D. Tex. 1995). "[T]he most critical factor" in determining the reasonableness of an attorney's fee award "is the degree of success obtained." *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 491 n.31 (5th Cir. 2001) (quoting *Farrar v. Hobby*, 506 U.S. 103 (1992)); *see also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). "'The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.'" *Virginia McC*, 909 F. Supp. at 1032 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 1983)).

      The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996); *Louisiana Power & Light Co. v. Kell Strom*, 50 F .3d 319, 324 (5th Cir. 1995). "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

      The United States Supreme Court subsequently barred any use of the sixth factor as a basis for enhancement of attorneys' fees.. *See Walker v. United States Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996) (citing *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992)). In addition, three of the *Johnson* factors, complexity of the issues, results obtained and preclusion of

other employment, are fully reflected and subsumed in the lodestar amount. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). "[T]he court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis*, 135 F.3d at 1047 (citation omitted).

The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The fee-seeker must submit adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill, while the party seeking reduction of the lodestar must show that a reduction is warranted. *Hensley*, 461 U.S. at 433; *Louisiana Power & Light Co.*, 50 F.3d at 329.

    A.    LODESTAR

        1.    *Hours Expended*

The Plaintiff seeks $130,605.00 in attorneys' fees for 530.8 hours expended. The hours expended are divided as follows:

| | |
|---|---|
| Sylvia Goldsmith | 318 hours |
| Bill Manchee | 10.3 hours |
| Jim Manchee | 50.9 hours |
| Geoff McCarrell | 150.5 hours |
| Paralegal(s) | 1.2 hours.[1] |

For the reasons stated below, counsel expended an unreasonable number of hours on this case.

        a.    **Sylvia Goldsmith**

Having reviewed Ms. Goldsmith's time records, the Court finds that the hours of attorney

---

[1] Plaintiff actually calculated the lodestar fee as $164,210. Plaintiff's counsel redacted some entries to separate excessive, duplicative, or otherwise unnessary entries. Plaintiff's counsel reduced the total fee request by a little more than twenty percent.

time purportedly expended in this case are within the range of reasonableness for the tasks performed in connection with this litigation.

    b.    **Bill Manchee**

Bill Manchee expended 10.3 hours on this case, 6.5 which were expended on preparing client for his deposition and attending the deposition. Although not unreasonable on its own, Bill Manchee's efforts were duplicative of Ms. Goldsmith's efforts. Based on the foregoing, the Court finds that a more reasonable expenditure of time for Bill Manchee was 3.8 hours.

    c.    **Jim Manchee**

Jim Manchee expended 50.9 hours in this case, 26.5 which were as follows: meeting with Ms. Goldsmith and associate a regarding a motion to compel; picking Ms. Goldsmith up from hotel and traveling to Sherman; attending hearing on motion to compel; and traveling back to Dallas and taking Ms. Goldsmith and associate to office; meeting with client for mediation; meeting with Ms. Goldsmith and client in preparation for trial and trial. Although not unreasonable on its own, Jim Manchee's efforts were duplicative of Ms. Goldsmith's efforts. Based on the foregoing, the Court finds that a more reasonable expenditure of time for Jim Manchee was 24.4 hours.

    d.    **Geoff McCarrell**

Geoff McCarrell expended 150.5 hours in this case. Having reviewed Mr. McCarrell's time records, the Court finds that the hours of attorney time purportedly expended in this case are within the range of reasonableness for the tasks performed in connection with this litigation.[2]

    e.    **Paralegal**

Having reviewed the paralegal's time records, the Court finds that the hours of paralegal time purportedly expended in this case are within the range of reasonableness for the tasks performed in

---

[2] Mr. McCarrell's requested hours were reduced by 84.1 hours

connection with this litigation.

### 2. *Prevailing Hourly Rate*

Based on affidavits submitted to the Court, the attorneys seek to be compensated at the following hourly rates:

Sylvia Goldsmith . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $350/hour

Bill Manchee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $350/hour

Jim Manchee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $300/hour

Geoff McCarrell. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $225/hour

Paralegal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $120/hour

Defendant does not contest the hourly rates requested. Based on their respective levels of experience, the Court finds that the hourly rates submitted in this case are reasonable.

Accordingly, pursuant to the lodestar analysis, the attorneys' fees are as follows:

1. Sylvia Goldsmith – 318 hours × $350/hour = $104,692.50[3];

2. Bill Manchee – 3.8 hours × $350/hour = $1,330;

3. Jim Manchee – 24.4 hours × 300/hour = $7,320;

4. Geoff McCarrell – 150.5 hours × 225/hour = $11,745[4]; and

5. Paralegal – 1.2 hours × 100/hour = $120.

The total lodestar amount is $125,207.50.

### B. THE *JOHNSON* FACTORS

In analyzing the *Johnson* factors, the Court finds that the requested fee is unreasonable. However, the Court finds that the reduced fee under the lodestar analysis is reasonable.

---

[3] Plaintiff's counsel voluntarily reduced the amount requested.

[4] Plaintiff's counsel voluntarily reduced the amount requested.

1. *Time and Labor*

The time and labor required for this lawsuit should not have been excessive. However, the Court notes that the parties were contentious, resulting in a protracted discovery dispute.

2. *Novelty and Difficulty of Issues*

This case involved claims under FCRA which required an attorney with specialized knowledge of credit reporting cases. The case did present a novel issue with regard to liability.

3. *Skill Required*

The Court finds that counsel were skilled and otherwise qualified to pursue this FCRA case.

4. *Preclusion of Other Employment*

Ms. Goldsmith argues that Plaintiff's counsel maintain small law practices and devoted a substantial amount of their time to this case and that the number of hours required to properly and diligently represent the interests of Plaintiff precluded other employment by counsel. However, "[t]his was not a complex case and should not have caused counsel to limit the number of cases counsel could handle at any given time." *Lewis v. Hurst Orthodontics, PA*, 292 F. Supp. 2d 908, 911 (W.D. Tex 2003). "The case did not involve a demanding area of the law and if counsel chose to spend a considerable amount of time on this case to the exclusion of others, it was a choice, not necessitated by the nature of the case." *Id*.

5. *Customary Fee*

This factor is part of the "lodestar" analysis and need not be considered again.

6. *Whether the Fee is Fixed or Contingent*

Plaintiff's counsel acknowledges that she entered into a contingency fee agreement. However, Plaintiff did not provide the Court with a copy of the agreement, nor did the Plaintiff provide the Court with the terms of the agreement. The Court notes that under a typical contingency fee

arrangement, counsel for the Plaintiff would receive far less than the fee requested.

### 7. *Time Limitations Imposed by the Client or Circumstances*

This factor is not applicable to the instant action.

### 8. *Amount Involved and Results Obtained*

According to the Plaintiff's Original Complaint, the following causes of action were alleged:

(1) Unlawful debt collection;
(2) Defamation;
(3) Violations of the FCRA; and
(4) Invasion of privacy.

According to Plaintiff's Second Amended Complaint, filed in May 2011, the following causes of actions were alleged:

(1) Count I – Fair Credit Reporting Act, alleging Defendant negligently and/or willfully violated the FCRA each and every time it impermissible pulled Plaintiff's credit report post-bankruptcy; and
(2) Count II – Texas Finance Code.

Plaintiff's Third Amended Complaint, which was filed in October 2011 after Plaintiff learned of the forcible detainer actions that had previously been filed by Defendant with Judgment being entered against Plaintiff without him even being served with same, included a common law claim for unreasonable collection. Over the next fifteen months from the time of the filing of the Second Amended Complaint, this litigation focused on developing Plaintiff's allegations that Defendant negligently and/or willfully violated the FCRA through the repeated pulling of Plaintiff's credit report.

On July 17, 2012, the Court granted summary judgment in favor of Defendant for violations of the Texas Finance Code for alleged debt collection activities. The Court allowed the parallel claims, under the Texas Finance Code, to remain.

Plaintiff contended that Defendant negligently and/or willfully violated the FCRA on eight

(8) separate occasions by requesting and obtaining information from Plaintiff's TransUnion credit report without having a legal, permissible purpose as required by the FCRA. Plaintiff further contended that Defendant's conduct also constitutes a violation of the Texas Finance Code. The Court found that there was no permissible purpose for Defendant to access Haberman's credit reports on eight separate occasions, and therefore Defendant violated the FCRA. The Court also found that Plaintiff did not suffer pain and suffering or any other actual damage as a result of the account reviews. The Court then found that a damage award of $1,700 was appropriate in this matter and ordered Defendant to pay $1,700 to Haberman in statutory damages. The $1,700 represented $100 for the seven account reviews and $1,000 for the eighth account review, which occurred after Defendant was sued in this case. The Court finds that Defendant's conduct did not entitle Haberman to an award of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2). The Court did find that Haberman was entitled to an award of attorney's fees and that all costs were to be paid by Defendant.

Defendant asserts that Haberman lost every non-FCRA claim, and he had limited success on his FCRA claim, which should result in a reduced fee award. Defendant asserts that Plaintiff's fees are inflated and are the direct result of pursuit of unrecoverable debt collection claims and his inaccurate assessment of the potential recovery, which prevented him from negotiating settlement fairly.

Plaintiff asserts that all expenditures made by counsel, both in time and money, were directed at proving that Defendant negligently and/or willfully violated the FCRA through the repeated pulling of Plaintiff's credit report, even after being specifically directed by counsel, and then through this litigation, that such conduct was illegal.

The Court ultimately found that Defendant violated the FCRA on eight separate occasions. The Court found that these violations were negligent and willful. The Court agrees with Plaintiff that

Defendant cannot point to a single entry in the time records that is unrelated to Plaintiff's advancement of the FCRA claims. Although the Court did not find that Plaintiff had actual damages, the Court did find that Plaintiff was entitled to statutory damages. The parties also spent a lot of their briefing on attorneys' fees on the issue of the settlement negotiations. The Court was not privy to these negotiations, and the fact that Defendant offered Plaintiff $50,000 prior to trial does not alter the Court's finding that despite the award of $1,700, Plaintiff suffered repeated willful violations of the FCRA. Plaintiff did succeed on one hundred percent of his FCRA claims. Defendant also concedes that the Court is not required to make a proportional reduction to the fees. The Court rejects the Defendant's request to lower the award because Plaintiff decided to litigate the debt collection claims up to the time of trial. Based upon the unique facts of this case and Defendant's willful violation of FCRA, the Court finds that no adjustment of the lodestar fee is warranted.

9. *Experience, Reputation and Ability of the Attorneys*

The Court has already considered this factor in determining the "lodestar."

10. *Undesirability of the Case*

The Court has already considered this factor in determining the "lodestar."

11. *Nature and Length of the Professional Relationship with the Client*

This factor is not applicable to the instant action.

12. *Awards in Similar Cases*

Plaintiff did achieve significant results in this case. This result does not seem inconsistent with other cases cited by the parties.

## COSTS

Plaintiff is also seeking an award of costs in the amount of $15,210.02. Plaintiff seeks reimbursement for the following:

1. Copy expenses;

2. Fees of the clerk;

3. Postage;

4. Deposition fees;

5. Hotel expenses;

6. Meals;

7. Airline expenses;

8. Expert witness fees;

9. Mediation fees;

10. Teleconferencing fees;

11. Mileage;

12. Office supplies for trial; and

13. Expert travel expenses.

The recovery of costs is limited to those items listed in the cost statute, 28 U.S.C. § 1920. The statutory items are as follows:

1. Fees of the clerk and marshal;

2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and copies of papers necessarily obtained for use in the case;

5. Docket fees under section 1923 of this title;

6. Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The vast majority of Plaintiff's requests are not recoverable under 28 U.S.C. § 1920. Section 1920 does not provide for an award of hotel expenses, postage fees, mediation fees, meals, airline ticket fees, or expert witness fees. Accordingly, all such fees are disallowed.

Plaintiff requests expert witness fees in the amount of $1,000. However, the statute allows for the recovery of compensation for court-appointed experts only. Further, Plaintiff failed to substantiate his request with any documentation. Accordingly, the fee is disallowed.

## CONCLUSION

Based on the foregoing, the Plaintiff's Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (Dkt. #79, #80) is **GRANTED IN PART**. The Plaintiff is awarded attorneys' fees in the amount of $125,207.50, to be distributed as follows:

- **SYLVIA GOLSMITH** – $104,692.50;
- **BILL MANCHEE** – $1,330;
- **JIM MACNHEE** – $7,320;
- **GEOFF MCCARRELL** – $11,745; and
- **PARALEGAL** – $120.

The Plaintiff is awarded costs in the amount of $3,320.29.

IT IS SO ORDERED.
**SIGNED this 3rd day of January, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE